UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dennis James Johnson, | ) | C/A No. 8:24-cv-02634-BHH-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States of America, | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, ECF No. 28, and Plaintiff's Motion for Summary Judgment, ECF No. 46.  Plaintiff, a federal inmate proceeding *pro se* and *in forma pauperis*, brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging medical malpractice claims against the Federal Bureau of Prisons ("BOP").  ECF No. 1.  Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this United States Magistrate Judge is authorized to review all pretrial matters in cases involving *pro se* litigants and submit findings and recommendations to the district court.

## BACKGROUND

Plaintiff is currently housed at Federal Correctional Institution ("FCI") Gilmer in Glenville, West Virginia.  ECF No. 1 at 1.  Plaintiff alleges that on October 22, 2019, he slipped on mud and injured his left arm while at FCI Estill in Estill, South Carolina.  *Id*. at 2, 6-9.  Plaintiff alleges the BOP's medical personnel evaluated him and told him that he needed surgery to "save his arm and to repair the torn tricep[s] muscle before atrophy sets in."  *Id*. at 7.  Despite this, Plaintiff claims

the BOP failed to give him proper medical treatment, and he was transferred from FCI Estill on April 17, 2020, after a tornado struck the facility.[1]  *Id*. at 7.

Plaintiff alleges he was transferred to USP Lewisburg and then to FCI Gilmer in December 2020.  ECF No. 1 at 8.  Plaintiff alleges a doctor at the BOP "instructed me that surgery would be needed to save the arm, but that atrophy was setting in on parts of the tricep[s] muscle and that the surgery must be done soon."  *Id*.  Plaintiff alleges several other medical personnel with the BOP evaluated him and made similar findings.  *Id*.  Eventually, in November 2023, a physical therapist told Plaintiff there was a "deformity to the joint" and "that the deformity was caused by the broken bones and the severed tricep[s] muscle[] which could be easily seen without an x-ray or an MRI being performed."  *Id*. at 9.  This physical therapist "informed [Plaintiff] that it was too late to save the arm and that there was nothing more that he could do."  *Id*.

Plaintiff filed two administrative claims related to these incidents.  The first one on March 22, 2021, and the second on November 30, 2023.  ECF Nos. 28-1 at 4-6, 16-20.  In Plaintiff's March 22, 2021, claim, he reported the slip and fall incident, claimed he received X-rays "show[ed] that the bone was broken" and would require surgery to fix.  *Id*. at 4-5.  Plaintiff further reported he requested to go a hospital was denied and that he had an appointment scheduled to see a specialist but that he was unable to see the specialist because of the tornado and his transfer away from FCI Estill.  *Id*. at 5-6.  After his transfer, he claims "I was never rescheduled to see a specialist and since that time I have been constantly denied any form of treatment at both USP Lewisburg

---

[1] Tragically, five people lost their lives as a result of this tornado in the area just south of Estill, South Carolina.  Reports indicated at its peak intensity, the tornado reached EF-4 strength (maximum wind speed of 175 mph and width of 1300 yards), which was the first recorded tornado of that strength in South Carolina.  See National Oceanic and Atmospheric Administration, National Weather Service, Southeast SC/GA Tornadoes – April 13, 2020, https://www.weather.gov/chs/Tornadoes-April2020 (last accessed February 24, 2025).

and at FCI Gilmer." *Id*. at 6.  In Plaintiff's November 30, 2023, administrative claim, he outlined the slip and fall incident, claimed multiple BOP medical personnel concluded his arm was broken and recommended surgery, and provided a chronology regarding his alleged evaluations by BOP medical personnel at USP Lewisburg and  FCI Gilmer which occurred after his first administrative claim.  *See generally Id*. at 71-75.

BOP denied these claims on July 13, 2021, and July 31, 2024, respectively.  ECF No. 28-1 at 11-13, 123-25.  The July 13, 2021, denial letter concluded, "there is no evidence to support your claim that you have suffered any injury or loss caused by the negligence or wrongful act or omission of a BOP employee acting within the scope of their employment.  Thus, your claim is denied."  ECF No. 28-1 at 12.  It also stated Plaintiff he had "six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court."  *Id*.  The July 31, 2024, denial letter concluded, "[a] full review of your claim revealed this matter is currently pending litigation in the United States District Court for the District of South Carolina.  Accordingly, we are denying your claim."  ECF No. 28-1 at 124.  The denial letter advised Plaintiff his complaints of negligent medical treatment were duplicative of his prior administrative claim denied in 2021.  *Id*. at 123.  It also stated Plaintiff was "afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court."  ECF No. 28-1 at 124.

On April 29, 2024, Plaintiff filed the operative complaint against Defendant asserting one claim for "Medical Negligence" under the FTCA.  ECF No. 1 at 6.  Plaintiff alleges his left arm has atrophied over time and the lack of proper treatment has rendered his left arm "useless for any type of manual labor or construction work…."  ECF No. 1 at 12.  Plaintiff requests relief of $10,000,000 in compensation for the loss of the use of his left arm.  *Id*.  On September 4, 2024,

Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  ECF No. 28.[2]  Plaintiff filed a Response on October 11, 2024, and Defendant filed a Reply on November 1, 2024.  ECF Nos. 37; 43.  Plaintiff also filed two Sur Replies.[3]  ECF Nos. 45; 57.  On December 9, 2024, Plaintiff filed a Motion for Summary Judgment.  ECF No. 46.  Defendant filed a Response on January 23, 2025, and Plaintiff field a Reply on February 6, 2025.  ECF Nos. 58; 60.  These matters are ripe for the Court's review.

## APPLICABLE LAW

### Standard of Review

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine"

---

[2] The Court construes Defendant's Motion as one for summary judgment due to its reliance on materials outside the pleadings. *See* Fed. R. Civ. P. 12(d).  Here, there is no question that Plaintiff was "aware that materials outside the pleadings are before the [c]ourt," and he had a "reasonable opportunity to present all the material that is pertinent to the motion" pursuant to Fed. R. Civ. P. 12(d), because he discussed the materials relied on by the Government and submitted attachments along with his Response.  ECF Nos. 37 at 15; 37-2.

[3] On December 2, 2024, Plaintiff filed his first Sur Reply regarding Defendant's Motion.  ECF No. 45.  On January 14, 2025, Plaintiff filed a second Sur Reply.  ECF No. 57.  Neither the Federal Rules of Civil Procedure nor the Local Civil Rules permit filing of a sur-reply as a matter of right.  *See* Fed. R. Civ. P. 72(b)(2); Local Civil Rule 7.06-7.07 (D.S.C.); *see also F.D.I.C. v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013) (finding the district court did not abuse its discretion in granting a motion to strike a sur-reply because the district's local rules made no provision for sur-replies, the reply brief did not raise a new legal theory or new evidence, and the court's decision was not inequitable). Given Plaintiff's *pro se* status, the undersigned has reviewed Plaintiff's arguments in both Sur Replies and concludes that they do not change the Court's recommendation.

if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of a plaintiff's position is insufficient to withstand a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

**Liberal Construction of *Pro Se* Complaint**

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should

do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**FTCA**

The United States is immune from all lawsuits unless it expressly waives immunity and consents to be sued. *Welch v. U.S.*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA, 28 U.S.C. §§ 2671-2680, establishes a limited waiver of sovereign immunity for causes of action alleging "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

## <u>ANALYSIS</u>

Defendant argues (1) Plaintiff's claim for medical negligence prior to March 2021 is barred by the FTCA's sixth-month statute of limitations, and (2) Plaintiff failed to exhaust his administrative remedies for claims of medical negligence after March 2021. ECF No. 28 at 1, 7-8, 10-12. In Response, Plaintiff argues[4] (1) the FTCA's sixth month statute of limitations did not start to run because he did not receive BOP's denial letter of his first claim, ECF No. 37 at 3, 6-8, 11-12, and (2) his claim did not accrue until he suffered a "physical injury" when the BOP denied him surgery in November 2023.

---

[4] There are portions of Plaintiff's Response in which the text is faded and difficult to read. ECF No. 37 at 9, 13. Nevertheless, the Court has been able to evaluate the merits of the arguments. The section on page 9 appears to discuss the standard of review for a summary judgment motion. The section on page 13 seems to discuss *Lucas v. United States*, 664 F.App'x 333 (4th Cir. 2016), which the court has reviewed.

In Plaintiff's Motion for Summary Judgment, he argues that because material facts are not in dispute regarding him not receiving the initial denial letter, he is entitled to summary judgment. ECF No. 46-1 at 2-3, 5. Defendant contends this argument mirrors Plaintiff's arguments in his Response to its Motion. ECF No. 51 at 1-2.

**Plaintiff's First Administrative Claim**

### Statute of Limitations

Before bringing a FTCA claim against the United States, a claimant must satisfy several procedural requirements. "The [FTCA] ... provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015); 28 U.S.C. § 2401(b) (providing that the FTCA requires that a tort claim against the United States be "presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). Under regulations promulgated by the Attorney General, a claim is "presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident . . . ." 28 C.F.R. § 14.2(a).

It is undisputed that Plaintiff presented his first claim to the BOP regarding his alleged injury on March 22, 2021. ECF Nos. 28-1 at 4-6. It is also undisputed that the BOP mailed a denial letter on July 13, 2021. ECF No. 28-1 at 11-13. The issue is whether Plaintiff timely brought this action pursuant to 28 U.S.C. § 2401(b). Generally, where a plaintiff fails to commence the action within six months after the agency mails its denial letter, courts are disinclined to grant exceptions to the rule and adopt a reading "enlarg[ing] that consent to be sued which the

Government, through Congress, has undertaken so carefully to limit." *Zander v. United States*, 494 F. App'x 386, 388 (4th Cir. 2012) (citation omitted).

The Government submits a Declaration from J. Carter ("Carter") in support of its Motion. ECF No. 28-1 at 1-3. Carter is a paralegal specialist and familiar with the BOP's records related to Plaintiff's claim. *Id*. at 1 ¶¶ 1-3. Carter attests, "Plaintiff filed administrative tort claim TRT-SER-2021-03909 on March 22, 2021. A denial letter was mailed to Plaintiff via certified mail on July 13, 2021." *Id*. at 2 ¶ 9. Carter further attests, "[t]he denial letter was received by the mailroom at FCI Gilmer, Plaintiff's current institution, on July 19, 2021. The letter was retrieved by Unit Team staff and Plaintiff signed for receipt of the letter on the same day." *Id*. ¶ 10. The Plaintiff disputes that he signed for receipt of this denial letter. ECF No. 37 at 6 ("[Plaintiff] submits the sworn affidavits of those witnesses that [were] aware that the Plaintiff was not housed in unit B1 on the date of July 19, 2021, and as such could not have received any legal mail in that unit on that date…."). Plaintiff's submissions show he received the first denial letter in March 2024, shortly before filing this lawsuit. ECF No. 1-1 at 4; *see also* ECF No. 57 at 9 ("The Plaintiff initiated his FTCA after being informed of the denial of the initial administrative tort claim in March of 2024…").

Nevertheless, the undisputed record shows that the BOP sent Plaintiff, by certified mail, the denial letter on July 12, 2021, a copy of which is attached to the Carter affidavit. ECF No. 28-1 at 11-12. This letter outlined the BOP's investigation of Plaintiff's claim and stated as follows:

> This is a final denial of your claim. You are advised that if you are dissatisfied with our determination in these matters, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

*Id.* A review of the letter demonstrates the contents of the letter complied with 28 C.F.R. § 14.9(a).[5] Carter also attested to a certified mail receipt dated July 13, 2021, concerning this denial letter, addressed to Dennis Johnson, Reg. No. 10297-018, P.O. Box 6000, Glenville, WV 26351. ECF No. 28-1 at 13.

Based on the July 12, 2021, mailing date, Plaintiff's deadline to file suit was January 13, 2022. Plaintiff filed this action on April 29, 2024, over two years after the critical mailing date. ECF No. 1. Accordingly, Plaintiff's claims with respect to his first administrative claim were not filed within the applicable statute of limitations and are untimely. *See Nellson v. Doe*, No. 21-6206, 2023 WL 3336689, at *6 (4th Cir. May 10, 2023) (finding a claim was barred by the FTCA's six-month statute of limitations when the plaintiff "nevertheless waited to file the initial complaint in this action until ... a full year after the BOP denied his administrative claim"); *Raplee v. United States*, 842 F.3d 328, 330 (4th Cir. 2016) (noting that plaintiff "had until December 19, 2012 to begin an action pursuant to the FTCA" where HHS mailed a notice of final denial on June 19, 2012); *Higgins v. United States*, C/A No. 2:22-cv-01065-DCN-MGB, 2022 WL 22860141, at *2 (D.S.C. Dec. 19, 2022) (finding a FTCA complaint was untimely and noting that "[b]ased on the September 22, 2021 mailing date, Plaintiff's deadline to file suit was March 22, 2022. Plaintiff filed this action on April 1, 2022, six months and ten days after the critical mailing date."); *Lee v. United States*, C/A No. 1:19-cv-02037-JMC, 2022 WL 2347079, at *4-5 (D.S.C. Jun. 28, 2022)

---

[5] Even though Plaintiff attached a copy of the first denial letter to the Complaint, ECF No. 1-1 at 4, in Plaintiff's first Sur Reply, he objects to the contents of this letter, arguing that "[t]he exact contents of the letter is unknown to the Plaintiff as the Plaintiff never received this alleged letter…. Yet counsel would repeatedly infer otherwise without supporting evidence." ECF No. 45 at 9. Plaintiff's cursory denial, without more, is insufficient to show a genuine issue of material fact regarding whether the contents of the letter complied with 28 C.F.R. § 14.9(a). *See Celotex*, 477 U.S. at 324 (recognizing the nonmoving party must present some "specific facts showing that there is a genuine issue for trial.")

(finding that because of a January 17, 2019, mailing date, a plaintiff's deadline to file suit was July 17, 2019, and that the lawsuit filed on July 19, 2019, was untimely).

**Tolling**

Plaintiff contends the FTCA's statute of limitations is tolled as to his first administrative claim because the Government failed "to follow the applicable rules concerning the service of notice of denial." ECF Nos. 37 at 3 (citing *Barrett v. Unites States*, No. 88-2034, 1988 U.S. App. LEXIS 20301, at *3-4 (4th Cir. Jul. 5, 1988)); 45 at 3-5. Specifically, Plaintiff argues that the Government failed "to provide solid evidence that [he] received the letter of denial as required by law." ECF Nos. 37 at 3; 45 at 1.

The Supreme Court has held that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015). For equitable tolling to apply, a litigant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[C]onsidered an extraordinary remedy," *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015), equitable tolling is "reserved for those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result," *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

In *Barrett*, cited by Plaintiff, the United States Court of Appeals for the Fourth Circuit vacated a district court's finding that a plaintiff's medical negligence claims under the FTCA were time barred and found that the statute of limitations was tolled. 1988 U.S. App. LEXIS 20301, at *3-4. In doing so, the Fourth Circuit reasoned as follows:

> [W]e conclude that the limitations period was tolled because the July 14 letter rejecting Barrett's claim did not meet certain procedural

> requirements. First, the July 14 letter did not include a statement that if Barrett was dissatisfied with the Air Force's action, he could file suit within six months. Such a statement is required by federal regulations. 28 C.F.R. § 14.9. Its omission prevents the limitations period from running. *See Dyniewicz v. United State*s, 742 F.2d 484, 486 (9th Cir. 1984); *Martinez v. United States*, 728 F.2d 694, 698 (5th Cir. 1984). Second, the July 14 letter was not sent by certified mail. Failure to send a letter of denial by certified mail as required by § 2401(b) prevents the United States from asserting the six months limitations period. *Johnson v. United States*, 652 F. Supp. 407 (E.D. Va. 1987). For these reasons, we conclude that Barrett's action is not time-barred.

*Id*. Plaintiff's reliance on *Barrett* is misplaced. Plaintiff does not argue the March 22, 2021, denial letter lacked the statement pursuant to 28 C.F.R. § 14.9 or that it was not sent by certified mail. *See* 28 C.F.R. § 14.9(a) ("Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification."). Instead, Plaintiff disputes whether he received the denial letter. *See e.g.*, ECF No. 45 at 9 ("the evidence shows that [the denial] letter was given to another inmate other than the Plaintiff…[t]he exact contents of the letter is [sic] unknown to the Plaintiff…"). Courts reject the argument that receipt of the denial letter starts the statute of limitations because of the plain language of 28 U.S.C. § 2401(b) states it begins on the mailing date. *See e.g.*, *Lewis v. United States*, C/A No. 8:21-cv-03484-JD-JDA, 2022 WL 16639355, at *3-4 (D.S.C. Sept. 27, 2022) (finding a FTCA claim was time barred even though Plaintiff argued he never received the denial letter), *R&R adopted by* 2022 WL 16638351 (D.S.C. Nov. 2, 2022)[6]; *see also Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2012) (finding "whether

---

[6] Plaintiff attempts to distinguish *Lewis v. United States* in his first Sur Reply and argues that "in this case [he] did in fact prove beyond a reasonable doubt that the government failed to notify the Plaintiff by letter of the denial of his administrative tort claim as mandated by law." ECF No. 45

[a plaintiff] received the notice is immaterial for the purpose of the FTCA.... The plain language of 28 U.S.C. § 2401(b) requires that the statute of limitations start to run the moment the government mails notice of an FTCA claim denial."). Thus, even if Plaintiff is correct that he never received the letter, his lack of receipt is not a genuine issue of material fact that would preclude a grant of summary judgment. *See Anderson*, 477 U.S. at 248 ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

As for Plaintiff's diligence in pursuing his claim, even assuming Plaintiff had not received the denial letter, pursuant to 28 U.S.C. § 2675(a), Plaintiff is permitted to file suit after six months. *See Id*. ("[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."); *see also Raplee v. United States*, C/A No. PWG-13-1318, 2015 WL 9412520, at *2 (D. Md. Dec. 22, 2015) ("This section provides diligent counsel with the opportunity to pursue a plaintiff's rights in federal court if the agency has not issued a determination within six months."), *aff'd*, 842 F.3d 328 (4th Cir. 2016). However, Plaintiff did not file suit and there's no evidence indicating he followed up with the BOP office regarding his first claim until he filed his second claim on November 30, 2023. This failure to pursue his claim shows a lack of reasonable diligence, which defeats entitlement to the extraordinary remedy of

---

at 7. However, Plaintiff's arguments regarding the *Lewis* case is also misplaced, as the Court assumed that the plaintiff never received the denial letter in holding that the FTCA's statute of limitations was not tolled. 2022 WL 16639355, at *5 ("Given that Plaintiff submitted his administrative claim on November 22, 2019, *even assuming he never received the denial letter*, he was permitted to file an action in federal court on May 22, 2020, six months after the date he submitted his claim.") (emphasis added).

equitable tolling.[7]  *Lewis*, 2022 WL 16639355, at *5 (finding that a plaintiff who failed to follow

up with his claim over a year later was not entitled to equitable tolling) (citing *Espinoza v. United*

*States*, C/A No. 3:14-CV-1080, 2014 WL 7013999, at *5–6 (M.D. Pa. Dec. 11, 2014) ("At the very

least, a showing of diligence would require evidence that Plaintiff investigated the disposition of

his claim at the expiration of the six-month adjudication period.")).[8]

**Plaintiff's Second Administrative Claim**

### Administrative Exhaustion

Defendant argues Plaintiff failed to exhaust administrative remedies pursuant to 28 U.S.C.

§ 2675(a) as to his second administrative claim, filed on November 30, 2023.  ECF No. 28 at 11.

In his Response in Opposition, Plaintiff argues that, under a section titled 'subject matter

jurisdiction/exhaustion of administrative remedies,' "[t]he subject matter jurisdict[ion] was

established by the Plaintiff within the body of the complaint" as he "submitted the administrative

---

[7] Plaintiff argues he exercised due diligence with respect to this second administrative tort claim because he filed it shortly after being denied surgery in November 2023.  ECF No. 45 at 6.  In essence, Plaintiff argues he did not suffer an injury until this point.  *Id*.; *see* ECF No. 37 at 5 ("The Plaintiff was denied the surgery in November of 2023, as such the Plaintiff had two years from this date to file his administrative tort claim which would be in November of 2025."), 13 ("Here, the records shows [sic] that the first administrative tort claim was defective as the Plaintiff had yet to suffer an actual injury pursuant to 28 U.S.C. § 1346 (b), and Title 28 U.S.C. §§ [sic].".  However, this assertion is belied by the undisputed fact that Plaintiff alleged injury on March 22, 2021, which is the basis of his first administrative claim.

[8] Consistent with the reasoning expressed, the undersigned recommends the district court deny Plaintiff's request for judicial notice seeking:

> an order granting the instant request for Judoicial [sic] Notice of the relevant statute of Title 28 Code of Federal Regulations § 14.9(a), which constitutes the tolling provisions under the Federal Tort Claims Act and allows the two year statute of limitations to be tolled upon the Defendant's failure to perfect notice of the denial letter of a Plaintiff's administrative tort claim that has been filed pursuant to SF-95 under the governing provisions of the FTCA.

ECF No. 37-1 at 1 (errors in original).

tort claim to the Mid-Atlantic Regional office as required by law." ECF No. 37 at 10. Plaintiff

argues in his second Sur Reply as follows:

> records show[] that after being informed about the denial of the first
> administrative tort claim in the month of March of 2024, the Plaintiff
> filed the instant FTCA in the District Court of Jurisdiction. As such
> the Plaintiff did in fact exhaust his administrative remedies before
> the filing of the instant FTCA….

ECF No. 57 at 8.

Carter attests that Plaintiff filed two additional claims on November 30 and December 11,

2023, which the BOP consolidated into claim number TRT-SER-2024-05864. ECF No. 28-1 at 2

¶ 12. Carter further attests as follows:

> Plaintiff's consolidated claim was denied by letter mailed to the
> Plaintiff via certified mail on July 31, 2024. The letter denied the
> claim as the allegations were currently in litigation, and advised that
> to the extent that he complained of negligent medical treatment at
> FCI Estill, his claim was duplicative of TRT-SER-2021-3909, which
> was denied in 2021. Further, claims related to FCI Estill or USP
> Lewisburg were time barred by 28 U.S.C. § 2401(b).

*Id*. at 2 ¶ 13.

Plaintiff filed this suit on April 29, 2024. ECF No. 1. While Plaintiff contends he exhausted

his remedies, the plain language of 28 U.S.C. § 2675(a) requires Plaintiff to wait six months after

the filing of his second administrative claim before it may be deemed exhausted (assuming no

denial letter is issued beforehand). Instead, Plaintiff jumped the gun and filed suit approximately

five months after submitting this second claim. Therefore, Plaintiff had not properly exhausted

the claim before filing the instant suit. Additionally, Plaintiff cannot cure his failure to exhaust

after filing suit. *Smith v. Meeks*, C/A No. 4:17-cv-0043-RBH-TER, 2017 WL 9288198, at *4

(D.S.C. June 16, 2017) ("[f]ailure to completely exhaust administrative remedies before filing an

FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit

is filed.") (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants

from bringing suit in federal court until they have exhausted their administrative remedies.")),
*R&R adopted as modified by* 2017 WL 3262182 (D.S.C. Aug. 1, 2017).  Accordingly, because
Plaintiff failed to exhaust his second administrative claim, his claims related to his second
administrative claim are also subject to dismissal.  *See Wright v. United States*, No. 22-6358, 2023
WL 2010984, at *1 (4th. Cir. 2023) (per curiam) (affirming dismissal for lack of jurisdiction where
plaintiff did not exhaust).[9]

**Plaintiff's Motion for Summary Judgment**

Plaintiff argues the following material facts are not in dispute and therefore he is entitled
to summary judgment:

(1)    Plaintiff never received any letter of denial concerning the administrative tort claim that was filed to the Southeast Regional Office in 2021, concerning the accident that resulted in the broken left elbow and the torn muscle tendons of the left tricep muscle that has left the Plaintiff with a substantial physical impairment.

(2)    That the signature on the legal mailroom login sheet is not that of the Plaintiff as was initially alleged by the counsel for the Defendant's and submitted as evidence.

(3)    At the time and date that the Plaintiff was alleged to have received the letter of denial from the Southeast Regional Office that the Plaintiff was placed in quarantine after contracting the covid-19 virus and was not [sic] housing unit B1- cell 112. There is no dispute that the Plaintiff did not receive the letter of denial from the Southeast Regional Office, nor is there a dispute that the Plaintiff did not sign the legal mail login sheet as was alleged by the counsel for the Defendant's.

---

[9] With respect to Plaintiff's claims regarding the medical care he received at USP Lewisburg or FCI Gilmer, this Court is not the proper district to address any such claim.  *See* 28 U.S.C. § 1402(b) (providing that a tort claim against the United States may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred").

ECF No. 46-1 at 2-3. As discussed previously, whether Plaintiff received the denial letter is not relevant for the purposes of triggering the six-month statute of limitations. *Supra* at p. 9-10. Even assuming Plaintiff did not receive the letter (as the Court did so in considering Plaintiff's tolling arguments above), Plaintiff would not be entitled to summary judgment on the substance of his medical negligence claim. Plaintiff would be required to show that there is no genuine dispute as to the material facts regarding medical negligence under the FTCA to warrant summary judgment. *See e.g.*, *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994) ("Indeed, we have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA."); *Carlson v. Green*, 446 U.S. 14, 23 (1980) ("[A]n action under FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward."); *Brouwer v. Sisters of Charity Providence Hosps.*, 763 S.E.2d 200, 203 (S.C. 2014) ("A plaintiff in a medical malpractice case must establish by expert testimony both the standard of care and the defendant's failure to conform to the required standard, unless the subject matter is of common knowledge or experience so that no special learning is needed to evaluate the defendant's conduct."); *Thomasko v. Poole*, 561 S.E.2d 597, 599 (S.C. 2002) (noting that to show negligence, a plaintiff "must prove the following four elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to the plaintiff; and (4) damages proximately resulted from the breach of duty."). Plaintiff's Motion fatally omits any discussion of the required showings to warrant summary judgment as to the merits of his claim. Therefore, summary judgment in favor of Plaintiff is not warranted.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the undersigned recommends the district court **GRANT** Defendant's Motion for Summary Judgment, ECF No. 28, and **DENY** Plaintiff's Motion for Summary Judgment, ECF No. 46.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

February 24, 2025
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).